# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMAR K. SCOTT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>COVELLO,<br><br>　　　　　Respondent. | Case No. 1:20-cv-01297-AWI-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 13) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to appoint counsel. (ECF No. 13).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because: the facility in which Petitioner is housed is currently on a modified emergency program with limited movement and

limited access to the law library; Petitioner is currently on psychotropic medication; the issues in this case are complex; and Petitioner has limited knowledge of the law. (ECF No. 13).

Upon review of the petition and the instant motion, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. Here, the undersigned has issued findings and recommendation to dismiss the petition as an unauthorized successive petition. (ECF No. 12). The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated:   **October 16, 2020**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE