# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMAR K. SCOTT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>COVELLO,<br><br>　　　　Respondent. | Case No. 1:20-cv-01297-AWI-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REQUEST FOR EXTENSION OF TIME, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 12, 15) |

　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 7, 2020, the Magistrate Judge issued Findings and Recommendation that recommended dismissing the petition as an unauthorized successive petition. (ECF No. 12). On November 6, 2020, Petitioner filed timely objections to the Findings and Recommendation in addition to a request for an extension of time to file a response to the Findings and Recommendation in order to submit an application to file a second or successive petition in the Ninth Circuit. (ECF Nos. 15, 16).

　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

Despite having filed objections, Petitioner moves for an extension of time to file a response to the Findings and Recommendation so that he can submit an application to file a second or successive petition in the Ninth Circuit. (ECF No. 15). The Court denies the motion. 28 U.S.C. § 2244(b)(3)(A) ("*Before* a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added)); Burton v. Stewart, 549 U.S. 147, 157 (2007) ("The long and short of it is that [petitioner] neither sought nor received authorization from the Court of Appeals before filing . . . a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on October 7, 2020 (ECF No. 12) is ADOPTED IN FULL;
2. Petitioner's motion for extension of time (ECF No. 15) is DENIED;
3. The petition for writ of habeas corpus is DISMISSED;
4. The Clerk of Court is DIRECTED to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 2, 2021                                   _____
                                                            SENIOR DISTRICT JUDGE